■ Leah B. Sobol, Respondent, v Les Pieds Nickels, Inc., et al., Appellant, et al., Defendants. In the Matter of the Dissolution of Les Pieds Nickels, Inc., Appellant. Leah B. Sobol, Respondent. [692 NYS2d 336] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered April 2, 1998, which, in an action and a subsequently commenced proceeding for dissolution of defendant corporation Les Pieds Nickels, granted Diane Agostini's motion to vacate a stay of the action but denied that branch of Agostini's motion for leave to purchase

plaintiff's shares pursuant to Business Corporation Law § 1118 and for injunctive relief, and did not rule upon plaintiff-petitioner's request to discontinue her action, treating the action as "settled", unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting plaintiff-petitioner's request to discontinue her action commenced by service of the summons and complaint in or around October 1989, and otherwise affirmed, without costs.

Plaintiff commenced an action for dissolution of Les Pieds Nickels, Inc. by service of a summons and complaint in or about October 1989. In November 1989, plaintiff, as petitioner, commenced a separate proceeding for dissolution pursuant to Business Corporation Law § 1104-a, under Index No. 21819/89. By order entered on or about January 23, 1991, Justice Edith Miller, under the same index number, stayed the dissolution proceeding pending determination of the prior commenced action, and directed plaintiff to purchase an index number for the action. It appears that plaintiff did not comply, and has never purchased an index number for the dissolution action. CPLR 306-a, as it existed at the time of the January 23, 1991 order (L 1991, ch 166, § 381), required that proof of service be filed, and an index number purchased, within 30 days after service of process was complete. Inasmuch as plaintiff failed to purchase an index number and has requested to have her own action discontinued, and inasmuch as discontinuance of the action will prejudice no one in light of the coexistent dissolution proceeding and will benefit all concerned by clarifying matters procedurally, we grant plaintiff's request to discontinue her dissolution action. In light of the discontinuance of the action, the purpose for the stay imposed in the dissolution proceeding is abated, and that portion of the order lifting the stay on the dissolution proceeding is, therefore, affirmed.

On the merits of the appeal as it relates to the dissolution proceeding, Agostini, owner of half the shares in the subject corporation, failed to exercise her right of election within the 90-day period prescribed pursuant to Business Corporation Law § 1118, thus leaving the issue of whether to treat her election as timely within the motion court's discretion (see, Business Corporation Law § 1118). That discretion was properly exercised in this case given the lack of factual matter to support Agostini's conclusory claims. The evidence also failed to demonstrate irreparable harm, likelihood of success on the merits, or a balance of the equities in Agostini's favor in support of her application for preliminary injunctive relief so as to permit refinancing of the subject corporation's mortgage.

Further proceedings in the dissolution proceeding are required, including a hearing pursuant to Business Corporation Law § 1109, in advance of which Agostini is to be given an opportunity to "show cause" pursuant to Business Corporation Law § 1106 (a) why the subject corporation should not be dissolved. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Buckley, JJ.